IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GERALD P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:24-CV-450-KFP |
| | ) | |
| MICHELLE KING, | ) | |
| Acting Commissioner of | ) | |
| Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Claimant Gerald P. filed a Complaint seeking review of the Social Security Administration's decision denying his application for disability, disability insurance benefits, and supplemental security income. Doc. 1. The Court construes Claimant's supporting brief (Doc. 12) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 15) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Docs. 6, 7.

After scrutiny of the record and the pending motions, the Court finds that Claimant's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

---

[1] On January 20, 2025, President Trump designated Michelle King as Acting Commissioner of Social Security.

## I.   STANDARD OF REVIEW

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla" – i.e., the evidence "must do more than create a suspicion of the existence of the fact to be established," and must include "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (first citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); and then citing *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## II.   BACKGROUND

At the time of his alleged disability onset date, Claimant was 46 years old. R. 17, 238, 240. Claimant obtained a GED and was last employed in November 2020 as a cook. R. 57, 278, 287, 348. Prior to this employment, Claimant also performed work as a general laborer and mechanic. R. 348.

On December 28, 2020, Claimant filed an application for a period of disability and Disability Insurance Benefits and for Supplemental Security Income, alleging disability beginning on November 23, 2020. R. 17, 71, 79, 87, 96, 236–50. The claim was initially denied on June 25, 2021, and again upon reconsideration on May 27, 2022. R. 17, 110–19, 124–30. After denial of the reconsideration, two hearings were held by an Administrative Law Judge (ALJ). R. 37–70. The ALJ held the first hearing on January 25, 2023, R. 52–70, after which the ALJ determined that additional evidence was needed to adjudicate the case. R. 17. The second hearing was held on September 25, 2023. R. 37–51. Following the second hearing, the ALJ issued a partially favorable decision on November 1, 2023, finding that Claimant was not disabled before October 27, 2023, but he became disabled on that date. R. 17–29. On June 18, 2024, the Appeals Council denied Claimant's request for review. R. 1–3. Claimant subsequently initiated this action on July 29, 2024. Doc. 1. This civil action is properly before the Court pursuant to 42 U.S.C §§ 405(g), 1383(c)(3).

### III.   THE ALJ'S DECISION

Based on a review of the record, the ALJ determined that Claimant has not engaged in substantial gainful activity since November 23, 2020, and that Claimant had the following severe impairments: lumbar generative disc disease and facet arthropathy, L5-S1 disc extrusion, depressive disorder, PTSD, cervical degenerative disc disease and facet arthropathy, and THC use disorder. R. 20. The ALJ found that these impairments "significantly limit" Claimant's "ability to perform basic work activities," but that "[s]ince November 23, 2020," the claimant did not meet the criteria for a listed impairment. R. 20.

The ALJ determined that Claimant had the residual functional capacity (RFC) to perform less than a full range of sedentary work, R. 22–26, and that based on this RFC, prior to October 27, 2023, there were jobs that existed in significant numbers in the national economy that Claimant could perform, such as a finisher, dowel inspector, and table worker. R. 27–28. The ALJ found that beginning on October 27, 2023, there are no jobs that exist in significant numbers that Claimant could perform, and thus at this date Claimant was disabled. R. 28.

Accordingly, the ALJ determined that prior to October 27, 2023, Claimant was not disabled, but became disabled on that date and has continued to be disabled. R. 28.

## IV.   ISSUES ON APPEAL

On appeal, Claimant argues that the ALJ failed to properly apply the Eleventh Circuit's "three-part pain standard" prior to determining Claimant possessed the RFC for sedentary work.

## V.   DISCUSSION

Claimant argues that the ALJ erred in finding that he had the RFC to perform sedentary work. In support of this, Claimant asserts that the ALJ failed to take into account his subjective allegations of severe pain.[2]

---

[2] Claimant also argues that the ALJ's finding failed to accommodate the requirements of Social Security Ruling 96-7p. Doc. 12 at 6. The Court declines to consider this argument because Social Security Ruling 96-7p was rescinded by Social Security Ruling 16-3p. *See* SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). Pursuant to SSR 16-3p, "when evaluating a claimant's symptoms, the adjudicator will . . . 'focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms," and then "whether the intensity and persistence of the symptoms limit the individual's ability to perform work related activities.'" *Hargress, v. SSA, Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018) (quoting SSR 16-3p, 2016 SSR LEXIS 4). As stated in the Commissioner's brief, the "ALJ is not required to credit a Plaintiff's testimony automatically." Doc. 15 at 10. If "the ALJ 'clearly

When assessing disability status, the ALJ considers symptoms "including pain, and the extent to which [] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a). In assessing a claimant's symptoms, the ALJ "will consider all of the available evidence," which includes "medical history, the medical signs and laboratory findings, and statements about [the effect of the claimant's symptoms]." *Id.* "[S]tatements about [a person's] pain or other symptoms will not alone establish that [they] are disabled." *Id.* The ALJ will then determine whether the "alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the [objective evidence]." *Id.*

"[T]he 'pain standard' [] applies when a disability claimant attempts to establish a disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). This standard requires "(1) evidence of an underlying medical condition" in addition to either "(2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* (quoting *Holt*, 921 F.2d at 1223).

When a "claimant testifies as to his subjective complaints of disabling pain and other symptoms," then "the ALJ must clearly 'articulate explicit and adequate reasons' for

---

articulate[s] explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms,'" the "ALJ is not required to credit a claimant's subjective complaints." *Mazzaferro v. Saul*, 2020 U.S. Dist. LEXIS 138113, at *25 (S.D. Fla. Aug. 4, 2020) (alteration in original) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)).

discrediting the claimant's allegations of completely disabling symptoms." *Id.* (quoting *Foote*, 67 F.3d at 1561–62). "Although this circuit does not require an explicit finding as to credibility . . . the implication must be obvious to the reviewing court." *Foote*, 67 F.3d at 1562 (quoting *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983)). The credibility finding "does not need to cite 'particular phrases or formulations' but it cannot merely be a broad rejection which is 'not enough to enable [a court] to conclude that [the ALJ] considered [his] medical condition as a whole.'" *Dyer*, 395 F.3d at 1210 (second alteration in original) (quoting *Foote*, 67 F.3d at 1561).

The ALJ's opinion notes that Claimant alleged that his back problems prevented him from being able to work and that he "testified he was unable to stand or walk for extended periods" and that "he experienced daily pain in his neck and back." R. 23. The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." R. 23. However, the ALJ ultimately concluded that the "intensity, persistence, and limiting effects of these symptoms are not fully supported" by the evidence in the record. R. 23.

In making this determination concerning whether Claimant's symptoms were supported by the record, the ALJ assessed the evidence prior to October 23, 2023, which described Claimant's diagnosis and treatment for his physical conditions. R. 23. The ALJ opined that the record reflected that in May 2021, "[C]laimant was noted to be ambulating normally," and in November 2021, he was referred to physical therapy. R. 23. The ALJ described evidence in the record from March 2022, that Claimant's providers "noted he

continued to be markedly improved since his surgery" even while Claimant "report[ed] intermittent low back pain and some residual numbness in his left foot." R. 24.

The ALJ further recounted objective evidence of physical examinations that found Claimant possessed "normal ranges of motion," "normal muscle bulk, normal strength, intact sensation, and normal gait" in January 2023. R. 24. The ALJ found that these treating records "document[] the claimant's improvement with treatment and generally normal to mild findings on physical examinations," and that the daily activities Claimant reports being capable of completing "are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations" in the time frame before October 27, 2023. R. 24. Some of these activities include that Claimant did not need "special reminders to take care of personal needs and grooming," that Claimant was capable of washing dishes, folding clothes, bathing, and grooming. R. 24. Thus, the ALJ determined that "Claimant's ability to perform less than a full range of sedentary work is supported by claimant's treating records." R. 24.

In sum, after finding that it was a reasonable expectation that some of Claimant's symptoms could be caused by the Claimant's medically determinable impairments, the ALJ then assessed whether the evidence in the record was consistent with the Claimant's alleged symptoms. Because the ALJ's assessment of the intensity and persistence of Claimant's symptoms "was supported by substantial evidence in the record," *Mitchell v. Comm'r, SSA*, 771 F.3d 780, 782 (11th Cir. 2014), the Court will not disturb the ALJ's RFC determination.

## VI. CONCLUSION

For the reasons set forth above, the undersigned finds that the ALJ's determinations are supported by substantial evidence and that the ALJ correctly applied the law. Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 12) is DENIED;

2. The Commissioner's Motion for Summary Judgment (Doc. 15) is GRANTED; and

3. The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 29th day of January, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE